# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-61097-BLOOM/Valle

FENDI ADELE, S.R.L.,

        Plaintiff,

v.

ADAM VIBBERT, *et al.*,

        Defendants.

_____/

## SEALED ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application for Temporary Restraining Order"), ECF No. [7], dated June 1, 2017. The Court has carefully considered the Application for Temporary Restraining Order, the record in this case, and the applicable law, and is otherwise fully advised.

By the instant Application, Plaintiff, Fendi Adele, S.r.l. ("Plaintiff") moves, *ex parte*, pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining the financial accounts used by Defendants,[1] and upon expiration of the temporary restraining order, a preliminary injunction against Defendants, for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). Because Plaintiff has satisfied the requirements for the issuance of a

---

[1] Defendants are the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants").

Case No. 17-cv-61097-BLOOM/Valle

temporary restraining order, the Court grants Plaintiff's Application for Temporary Restraining Order.

## I.   FACTUAL BACKGROUND[2]

Plaintiff is the registered owner of the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "FENDI Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| FF | 1,267,539 | February 21, 1984 | IC 003 – perfumes, toilet water. IC 025 – fur coats, fur stoles, fur pieces, rainwear, cloth coats, jackets, skirts, trousers, dresses, hosiery, shirts, blouses, headwear, scarves, foulards, gloves, ties, neckwear, belts, swimwear, shoes, boots. |
| FENDI | 3,940,027 | April 5, 2011 | IC 018 – leather and imitation leather, furs, umbrellas, parasols, walking sticks, saddlery, animal skins, animal hides, traveling bags, handbags, shoulder bags, briefcases, attache cases, trunks, leatherwear, namely, key cases, purses, wallets, suitcases, backpacks, rucksacks, cosmetic cases sold empty, business card cases, sport bags, waist bags, beach bags, boxes made of |

---

[2] The factual background is taken from Plaintiff's Complaint, ECF No. [1], Plaintiff's Application for Temporary Restraining Order, ECF No. [7], and supporting evidentiary submissions. Plaintiff filed declarations and exhibits annexed thereto in support of its Application for Temporary Restraining Order. The declarations are available in the docket at the following entries: Declaration of Massimo Lepri, ECF No. [7-1], Declaration of Christine Ann Daley, ECF No. [7-3], and Declaration of Kathleen Burns, ECF No. [7-6].

Case No. 17-cv-61097-BLOOM/Valle

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | leather, pouches, leather straps, general purpose trolley bags. IC 025 – clothing, namely, shirts, t-shirts, sweatshirts, sport shirts, pants, sport pants, trousers, jeans, shorts, skirts, dresses, belts, sweaters, cardigans, pullovers, business suits, suits, waistcoats, smoking jackets, tuxedos, tailcoats, coats, jackets, fur coats, fur jackets, fur shawls, scarves, foulards, neckties, bowties, gloves; waterproof clothing, namely, waterproof jackets, waterproof pants, waterproof headwear, swimsuits; headbands, caps, hats; footwear, namely, shoes, sport shoes, boots, slippers, sneakers, sandals. |
|  | 4,036,925 | October 11, 2011 | IC 018 – leather and imitation leather; furs; umbrellas; parasols; walking sticks; saddlery; animal skins; animal hides; goods made of leather and imitation leather, namely, traveling bags, handbags, shoulder bags, briefcases, attache cases, trunks, leatherwear, namely, key cases, purses, wallets, suitcases, backpacks, rucksacks, cosmetic cases sold empty, business card cases, sport bags, waist bags, beach bags, boxes made of leather, pouches, leather straps, trolley bags. |

3

Case No. 17-cv-61097-BLOOM/Valle

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | IC 025 – clothing, namely, shirts, t-shirts, sweatshirts, sport shirts, pants, sport pants, trousers, jeans, shorts, skirts, dresses, belts, sweaters, cardigans, pullovers, business suits, suits, waistcoats, smoking jackets, tuxedos, tailcoats, coats, jackets, fur coats, fur jackets, fur shawls, scarves, foulards, neckties, bowties, gloves; waterproof clothing, namely, waterproof jackets, waterproof pants, waterproof headwear; swimsuits; headbands, caps, hats; footwear, namely, shoes, sport shoes, boots, slippers, sneakers, sandals. |
|  | 4,362,861 | July 9, 2013 | IC 009 – eyeglasses, sunglasses, eyeglass and sunglass lenses, eyeglass frames and eyeglass cases; telephones and mobile phones; computers, laptop computers, MP3 players, personal digital assistants; cameras and digital cameras; video cameras; bags, cases and sleeves specially adapted for holding or carrying all the above mentioned goods.<br>IC 014 – jewelry of precious and non-precious metal, namely, bracelets, necklaces, neck chains and rings, brooches, earrings, pendants, tie-pins, cuff-links, precious stones, jewelry cases; clocks, watches, wristwatches, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | diving watches, pocket watches, watch bands and straps, watch chains, watch cases, chronographs for use as timepieces and for use as watches, chronometers. IC 018 – bags, namely, shoulder bags, travelling bags, handbags, Boston bags, waist packs, sling bags for carrying infants, leather and canvas shopping bags, duffle bags, tote bags, clutch bags, trunks, wallets, purses, briefcases, attach cases, pouches of leather or textile, school bags, suitcases, garment bags for travel, key cases made of leather, backpacks, rucksacks, vanity cases sold empty, carry-on bags, beach bags, umbrellas. |
| **FENDI** | 4,409,049 | October 1, 2013 | IC 003 – perfumes, eau de parfum, eau de Cologne, toilet water, after shave creams, after shave lotions, shaving lotions, shaving creams and foams, hair lotions, shampoos, hair conditioners, essential oils for personal use, beauty masks, cold creams, hand creams, body and facial creams, deodorants for personal use, antiperspirants for personal use, skin cleansers, soaps for personal use, toilet soaps, bath soaps, bath and shower foams, bath and shower gels, body oils, body lotions, skin |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | lotions, lipsticks, lip gloss, face powders, eye pencils, rouge, mascara, eye shadows, foundation make-up, talcum powder, nail polish.<br>IC 009 – eyeglasses, sunglasses, eyeglass and sunglass lenses, eyeglass frames and eyeglass cases; telephones and mobile phones; computers, laptop computers, MP3 players, personal digital assistants; cameras and digital cameras; video cameras; bags, cases and sleeves specially adapted for holding or carrying all the above mentioned goods.<br>IC 014 – jewelry of precious and non-precious metal, namely, bracelets, necklaces, neck chains and rings, brooches, earrings, pendants, tie-pins, cuff-links, precious stones, jewelry cases; clocks, watches, wristwatches, diving watches, pocket watches, watch bands and straps, watch chains, watch cases, chronographs for use as timepieces and for use as watches, chronometers.<br>IC 018 – bags, namely, shoulder bags, travelling bags, handbags, Boston bags, waist packs, sling bags for carrying infants, leather and canvas shopping bags, duffle bags, tote bags, clutch bags, |

Case No. 17-cv-61097-BLOOM/Valle

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | trunks, wallets, purses, briefcases, attach cases, pouches of leather or textile, school bags, suitcases, garment bags for travel, key cases made of leather, backpacks, rucksacks, vanity cases sold empty, carry-on bags, beach bags, umbrellas. IC 020 – furniture, bathroom furniture, kitchen furniture, household furniture, namely, chairs, lounge chairs, armchairs, tables, coffee tables, benches, stools, beds, bedside tables, wardrobes, umbrella stands, desks, coat stands, sofas and divans, ottomans, shelves, drawers, wall cupboards, showcases, television stands, serving trolleys, bookshelves, bathroom cabinets; furniture parts, namely, finished countertops sold separately; shelves; non-metal furniture parts, namely, legs, feet, wheels, handles and knobs; mirrors and picture frames. IC 024 – bath towels, beach towels; bath linen, table supplies of textile, namely, table linen of textile, table cloths of textile, napkins of textile; textile coverings, namely, curtains, draperies, unfitted textile slipcovers for bed headboards, sofas and armchairs, and textile |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | coverings for beds, namely, bed sheets, pillow cases, blankets, bedspreads, mattress covers, quilts, comforters, bed skirts; bed linen, wash cloths for use as towels, handkerchiefs of textile. IC 025 – articles of clothing for men, women and children, namely, pullovers, cardigans, sweaters, jerseys, jumpers, jackets, sweatshirts, parkas, bathing suits, blouses, shirts, trousers, jeans, waistcoats, skirts, shorts, T-shirts, dresses, men's suits, coats, raincoats, overcoats, fur coats and jackets, overalls, underwear, vests, hosiery and panty hose, bathrobes, shawls, scarves, neckties, gloves for clothing, belts for clothing, shoes, boots, sandals, slippers, clogs, hats and caps. IC 035 – the bringing together, for the benefit of others, of a variety of goods excluding the transport thereof, such as perfumery, cosmetics, eyeglasses, telephone equipment, computers, photographic apparatus, video cameras, jewellery, horological instruments, bags, wallets and other leather goods, furniture, mirrors, picture frames, bed and table covers, towels, clothing, footwear, headgear, personal |

Case No. 17-cv-61097-BLOOM/Valle

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | accessories, enabling customers to conveniently view and purchase those goods, as well as retail store services for the above mentioned products.<br>IC 043 – resort hotel services, namely, hotel services and hotel accommodation, hotel services for holidays, resort hotel services; providing temporary lodging services in the nature of a condominium and cooperative hotel; restaurant, bar and cocktail lounge services; contract food services; take away restaurant services; bars, restaurants and cafes; catering services; provision of exhibition facilities in the nature of halls; travel agency services, namely, making reservations and bookings for temporary accommodation. |

*See* Complaint, ECF No [1] at 14 and Schedule "B" thereto; Declaration of Massimo Lepri, ECF No. [7-1] at 5; ECF No. [1-2] (containing Certificates of Registrations for the FENDI Marks at issue). The FENDI Marks are used in connection with the manufacture and distribution of high quality goods in the categories identified above. *See* Declaration of Massimo Lepri, ECF No. [7-1] at 5-6.

Defendants, by operating Internet based e-commerce stores via the Internet marketplace websites, Amazon.com ("Amazon"), eBay.com ("eBay"), and iOffer.com ("iOffer") using their seller identification names identified on Schedule "A" hereto (the "Seller IDs"), have advertised,

Case No. 17-cv-61097-BLOOM/Valle

promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the FENDI Marks. *See* Declaration of Massimo Lepri, ECF No. [7-1] at 9-14.

Although each Defendant may not copy and infringe each FENDI Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the FENDI Marks. *See* Declaration of Massimo Lepri, ECF No. [7-1] at 11-14. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the FENDI Marks. *See* Declaration of Massimo Lepri, ECF No. [7-1] at 9, 12-14.

Counsel for Plaintiff retained Kathleen Burns ("Burns"), president of Invisible, Inc ("Invisible"), a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing FENDI branded products by Defendants. *See* Declaration of Massimo Lepri, ECF No. [7-1] at 10; Declaration of Christine Ann Daley, ECF No. [7-3] at 2; Declaration of Kathleen Burns, ECF No. [7-6] at 3. Through Amazon.com, eBay.com, and/or iOffer.com,[3] Ms. Burns accessed all of the Internet based e-commerce stores operating under Defendants' Seller IDs, and placed orders from each Seller ID for the purchase of various products, all bearing counterfeits of, at least, one of the FENDI Marks at issue in this action, and requested each product to be shipped to Ms. Burns' address in the Southern District of Florida. *See* Declaration of Kathleen Burns, ECF No. [7-6] at 4. Each of the purchases was processed entirely online and following the submission of each order, Ms. Burns finalized payment for each of the

---

[3] Specifically, Ms. Burns accessed Defendant Number 1-24's e-commerce stores operating under their respective Seller IDs through Amazon.com, Defendant Number 25-35's e-commerce stores operating under their respective Seller IDs through eBay.com, and Defendant Number 36-39's e-commerce stores operating under their respective Seller IDs through iOffer.com. (*See* Declaration of Kathleen Burns, ECF No. [7-6] at 4 and Schedule "A" thereto.)

Case No. 17-cv-61097-BLOOM/Valle

various FENDI branded products ordered via Amazon Payments, Inc.,[4] or via transfer to Defendants' respective PayPal, Inc. ("PayPal") accounts, as specifically indicated and identified on Schedule "A" hereto. *See* Declaration of Kathleen Burns, ECF No. [7-6] at 4. Each purchase was processed entirely online and at the conclusion of the process, the detailed web page captures reflecting various FENDI branded products[5] Ms. Burns purchased via each Defendant's Seller ID, were sent to Plaintiff's representative for inspection. *See* Declaration of Kathleen Burns, ECF No. [7-6] at 4; Declaration of Massimo Lepri, ECF No. [7-1] at 11-12; Declaration of Christine Ann Daley, ECF No. [7-3] at 2.

Plaintiff's representative conducted a review of and visually inspected the web page captures and/or photographs reflecting various products offered for sale bearing the FENDI Marks by Defendants through the e-commerce stores operating under each of the Seller IDs, and determined the products were non-genuine, unauthorized versions of Plaintiff's goods. *See* Declaration of Massimo Lepri, ECF No. [7-1] at 12-14.

## II.   LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-

---

[4] Amazon is an e-commerce marketplace that allows Defendant Numbers 1-24 to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. As such, Defendant Numbers 1-24's payment information is not publicly disclosed. *See* Declaration of Kathleen Burns ECF No. [7-6] at 4 n.2; Declaration of Christine Ann Daley, ECF No. [7-3] at 4.

[5] Plaintiff has submitted sufficient evidence showing that some Defendants blurred-out, physically altered, and/or concealed images of the FENDI Marks on the products being offered for sale via their e-commerce stores. *See* Declaration of Kathleen Burns ECF No. [7-6] at 4 n.1. The received products verified that these products bore the FENDI Marks in their entirety. (*Id.*) Photographs of these relevant received products are included in Composite Exhibit 1 to the Declaration of Kathleen Burns, ECF Nos. [7-7], [7-8], [7-9], [7-10], and [7-11].

Case 0:17-cv-61097-BB   Document 7-12   Entered on FLSD Docket 06/01/2017   Page 12 of 23

Case No. 17-cv-61097-BLOOM/Valle

movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., etc.*, 415 U.S. 423, 439 (1974).

## III.   ANALYSIS

The declarations Plaintiff submitted in support of its Application for Temporary Restraining Order support the following conclusions of law:

A.     Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of the FENDI Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the FENDI Marks;

B.     Because of the infringement of the FENDI Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, Application for

12

Temporary Restraining Order, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1.      Defendants own or control e-commerce stores via, at least, three Internet marketplace websites operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2.      There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates; and

3.      There is good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application for Temporary Restraining Order, Defendants can easily and quickly transfer or modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of seller identification names, thereby thwarting Plaintiff's ability to obtain meaningful relief.

C.      The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued; and

D.     The public interest favors issuance of the temporary restraining order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

E.     Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of the FENDI Marks.  *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F.     Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Comm'n v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.     In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.   <u>CONCLUSION</u>

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Application for Temporary Restraining Order, **ECF No. [7]**, is **GRANTED** as follows:

14

Case No. 17-cv-61097-BLOOM/Valle

(1)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

      a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the FENDI Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

      b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the FENDI Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the FENDI Marks, or any confusingly similar trademarks.

(2)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the FENDI Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under their Seller IDs;

(3)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the FENDI Marks, or any confusingly similar trademarks within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which are visible to a computer user or serves to direct computer searches to Internet based

Case No. 17-cv-61097-BLOOM/Valle

e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs;

(4)     Each Defendant shall not transfer ownership of the Internet based e-commerce stores under their Seller IDs during the pendency of this Action, or until further Order of the Court;

(5)     Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

(6)     Upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of this Order, including but not limited to Amazon.com, eBay.com, and/or iOffer.com, shall immediately cease facilitating access during the pendency of this action, to any and all listings and associated images of the products bearing counterfeits or infringements of the FENDI Marks used by Defendants via the e-commerce stores operating under their respective Seller IDs, including but not limited to, the listings and associated images identified by the Amazon Standard Identification Numbers ("ASIN") on Schedule "A" hereto, and any other listings and images of goods bearing counterfeits and/or infringements of the FENDI Marks associated with any ASIN linked to the same sellers to offer for sale goods bearing counterfeits or infringements of the FENDI Marks;

(7)     Upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of this Order, including but not limited to Amazon.com, eBay.com, and/or iOffer.com, immediately cease fulfillment of and sequester all

16

goods bearing one or more of the FENDI Marks in its inventory, possession, custody, or control, and hold such goods in trust for the Court during the pendency of this action;

(8)     Upon receipt of notice of this Order, all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon")[6] and PayPal, Inc. ("PayPal"),[7] and their related companies and affiliates shall  immediately identify and restrain all funds, as opposed to ongoing account activity, in the Amazon or PayPal accounts related to Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon or PayPal accounts subject to this Order; and (iii) any other Amazon or PayPal accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;

(9)     Amazon and PayPal shall also immediately divert to a holding account for the trust of the Court all funds in all Amazon and/or PayPal accounts related to Defendants identified on Schedule "A" hereto, and associated payment accounts, and any other accounts of the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any of the other Amazon and/or PayPal accounts subject to this Order;

(10)    All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon, PayPal, and their related companies and affiliates, receiving notice of this Order shall further, within five business

---

[6] Amazon is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. *See* Declaration of Christine Ann Daley at Christine Ann Daley [7-3] at 6 and Exhibit 1 thereto

[7] PayPal is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. *See* Declaration of Christine Ann Daley [7-3] at 7 and Exhibit 2 thereto.

days of receiving this Order, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of the Court;

(11)    This Order shall remain in effect until the ruling on Plaintiff's Motion for Preliminary Injunction, or until such further dates as set by the Court or stipulated to by the parties;

(12)    This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, Amazon, or PayPal accounts which are being used by Defendants for the purpose of counterfeiting the FENDI Marks at issue in this action and/or unfairly competing with Plaintiff;

(13)    Amazon, PayPal, or any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(14)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint,

Case No. 17-cv-61097-BLOOM/Valle

during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(15)    **A court hearing is set before this Court in the United States Courthouse located at 400 North Miami Avenue, Miami, Florida 33128, Courtroom 10-2, on _____ __, 2017, at _____,** at which time Defendants or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction;

(16)    After Plaintiff's counsel has received confirmation from Amazon and PayPal regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, the Application for Temporary Restraining Order, and this Order on each Defendant via their corresponding e-mail/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each of the Seller IDs so that the marketplace platforms, in turn, notify each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, and all other pleadings and documents filed in this action on the website located at http://servingnotice.com/eig2tb/index.html,[8] and shall provide the website address and a link to the website to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.  Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to

---

[8] In this Circuit, Rule 65, Fed. R. Civ. P., has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978); *Diamond Crystal Brands, Inc. v. Wallace*, 531 F. Supp. 2d 1366, 1370-71 (N.D. Ga. 2008).

Case No. 17-cv-61097-BLOOM/Valle

Defendants by regularly updating the website located at http://servingnotice.com/eig2tb/index.html or by other means reasonably calculated to give notice which is permitted by the Court;

(17)     Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace website, including but not limited to Amazon.com, eBay.com, iOffer.com, and/or PayPal, shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs;

(18)     **Any response or opposition** to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel forty-eight (48) hours prior to the hearing set for **_____ ___, 2017, at _____,** and filed with the Court, along with Proof of Service. Plaintiff shall file any **Reply Memorandum** twenty-four (24) hours prior to the hearing set for **_____ __, 2017, at _____.** The above dates may be revised upon stipulation by all parties and approval of this Court. **Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), The All Writs Act, 28 U.S.C. § 1651(a), Federal Rule of Civil Procedure 65, and this Court's inherent authority.**

The Clerk shall file this Order under seal until further order of the Court.

**DONE AND ORDERED** in Miami, Florida, this __ day of _____, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record via e-mail

Case No. 17-cv-61097-BLOOM/Valle

### SCHEDULE "A"
### DEFENDANTS BY NUMBER, SELLER ID, AND ASSOCIATED ASIN OR PAYPAL ACCOUNT

| Def. No. | Defendant/ Seller ID | Internet Marketplace Website | Amazon Seller ID Number (Amazon.com only) | Infringing Product ASIN (Amazon.com Only) |
|---|---|---|---|---|
| 1 | Adam Vibbert | Amazon.com | A35AZV92XFZ2ZG | B00XMBXQUK |
| 1 | michelle killengrey | Amazon.com | AKZZJMK2OQWF0 | B00Y2I5OIY |
| 2 | Agsdr Dbhd | Amazon.com | A26ULOKO5E7FGV | B01HLONA5Y |
| 2 | Avenue Shirtsl | Amazon.com | A30MHNPY5YJ1X2 | B01GO1ATD6 |
| 2 | Esperanenson | Amazon.com | A37388770M00XT | B01HQ9M83O |
| 2 | Irma Jensens fashion mens shirts | Amazon.com | A31DPUICIQON0N | B01HLONTUA |
| 3 | Barqsem | Amazon.com | A2HKEBAPGO69MP | B01GO1ATD6 |
| 3 | rbtoioijsi | Amazon.com | AX6C0IY5J8L32 | B01GO1ATD6 |
| 4 | cao ni | Amazon.com | A3B7UX5LXMCC3S | B00XMBXQUK |
| 4 | CC supermall | Amazon.com | A2AZUJI8V37RNL | B01E8I9JUG |
| 4 | Magenxuan | Amazon.com | A1Y2CGJLWJUEBT | B00XMBXQUK |
| 5 | Cody Jefferies | Amazon.com | A1NOGQURS7NKZA | B01GO1BDF4 |
| 5 | POUKEO LUANGPAKDY | Amazon.com | A1AJI6LIRD1YZJ | B00XMBXQUK |
| 6 | Jackson E Harper | Amazon.com | ASN4UQLFYZH59 | B01GO1H91G |
| 6 | Ulysses Montague | Amazon.com | A1NW6BI4UOA7PQ | B01GO1ATD6 |
| 7 | ji ji zhang | Amazon.com | AJXJHDWP9O919 | B00Y2F6ZKS |
| 7 | lulu yun | Amazon.com | A3LGRIX6X2ESLY | B00XMBXQUK |
| 8 | Lei-Dian | Amazon.com | A2YSNRLP44RYM0 | B01GO1H91G |
| 8 | SangTS | Amazon.com | A1DUOWSXABOQJY | B01E8I9VK4 |
| 9 | DANA CRUMPLER | Amazon.com | A2B4RX5Z1FLG1I | B01DHG3Y3I |
| 10 | fft173 shqngyuqncun | Amazon.com | A173PEGRSXXTJ | B01AP6O0EU |
| 11 | GARY AUTRY | Amazon.com | A3SO383UUKREIT | B014SDGHIS |
| 12 | Just So So | Amazon.com | A3BMUO1IQVRJ12 | B01HLON2XE |
| 13 | Langhao | Amazon.com | A37J65W9O1PYTZ | B00Y2I5OIY |
| 14 | Meaning kany | Amazon.com | A24PPVIXA2W16Y | B01GO1ATD6 |

Case No. 17-cv-61097-BLOOM/Valle

| Def. No. | Defendant/ Seller ID | Internet Marketplace Website | Amazon Seller ID Number (Amazon.com only) | Infringing Product ASIN (Amazon.com Only) |
|---|---|---|---|---|
| 15 | Mrs Marzie Reid | Amazon.com | A27GT2KHPPMHXI | B01GO1BDF4 B01GO1C9WA |
| 16 | Negogo | Amazon.com | A1LTXV641KZ3AU | B01GO1ATD6 |
| 17 | REYNALDO CABRERA | Amazon.com | A2KN862Z8FOOWZ | B00Y2I5OIY |
| 18 | Sarah Brandt | Amazon.com | A1Z47FO39OC21A | B01ICIBL5E |
| 19 | Sgyxngmei | Amazon.com | A3GFBLN7ATQ06O | B01GO1H91G |
| 20 | SMALLGIRL ct | Amazon.com | A2F48X7NFMAYG4 | B01GO1H91G |
| 21 | sports-fan | Amazon.com | A2QFGQCD46RVL3 | B00XMBXQUK |
| 22 | THEARGO | Amazon.com | AT68QXYJ1MSJH | B015SL226U |
| 23 | Yvonne STOYCHEV | Amazon.com | A2EY2MYKB1MOCY | B01DHFR9BM |
| 24 | ZIENGSE2 | Amazon.com | A1C534DA4IIFIO | B0154K58MA |

| Def. No. | Defendant/ Seller ID | Internet Marketplace Website | PayPal Account |
|---|---|---|---|
| 25 | allinclusive72 | eBay.com | allinclusive7227@gmail.com |
| 25 | montanababy90 | eBay.com | montanababy9@gmail.com |
| 26 | aripugo_0 | eBay.com | giminhandoyo@gmail.com |
| 26 | madunheho-7 | eBay.com | madunheho@gmail.com |
| 27 | eva1666 | eBay.com | 1921971936@qq.com |
| 27 | highfashion1688 | eBay.com | ling_b00@163.com 461195729@qq.com |
| 28 | id.tr77 | eBay.com | triwahyuda43@gmail.com |
| 28 | luluimaknu0 | eBay.com | 027jaguar@gmail.com |
| 28 | tabasaba0 | eBay.com | tabahsabar739@gmail.com |
| 29 | birvinn | eBay.com | bradonirvin2010@mail.com |
| 30 | esunshine1581 | eBay.com | sunshinego.2389@hotmail.com |
| 31 | Tom_563 | eBay.com | tomoshare@163.com |
| 32 | vkzsecret | eBay.com | vickisundream@gmail.com |
| 33 | windy.premium | eBay.com | Dand.icaroby@gmail.com |
| 34 | wonderfulbebe | eBay.com | wonderfullifebebe@yahoo.com |
| 35 | yourestore88 | eBay.com | michelle1-chen@hotmail.com |

Case No. 17-cv-61097-BLOOM/Valle

| Def. No. | Defendant/ Seller ID | Internet Marketplace Website | PayPal Account |
|---|---|---|---|
| 36 | jotoshop | iOffer.com | jotoshop6@163.com |
| 36 | jotostore | iOffer.com | jotoshop6@163.com |
| 37 | bojiang | iOffer.com | xulichong321006@163.com |
| 38 | lvmi2018 | iOffer.com | m13047729068@163.com |
| 39 | xingxingtop | iOffer.com | xingxingtop@foxmail.com |