**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-61097-CIV-BLOOM/Valle**

FENDI ADELE, S.R.L.,

       Plaintiff,

vs.

ADAM VIBBERT, *et al.*,

       Defendants.

_____/

**PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE
SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Fendi Adele, S.r.l. ("Plaintiff"), hereby moves this Honorable Court, on an *ex parte* basis,[1] for an order authorizing alternate service of process on Defendants, the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto (collectively "Defendants") via electronic mail ("e-mail") and publication pursuant to Federal Rule

---

[1] Plaintiff is moving for alternate service *ex parte* as Plaintiff has yet to provide Defendants with notice of this action. Specifically, on June 1, 2017, Plaintiff filed a Motion to Seal, [DE 6], requesting its Application for Temporary Restraining Order, together with the supporting Declarations and Exhibits, [DE 7], be sealed and remain under seal until the Court has the opportunity to rule on Plaintiff's Application for Temporary Restraining Order and if granted, the relief ordered therein has been effectuated. On June 1, 2017, the Court granted Plaintiff's Motion to Seal, [DE 8], and subsequently issued a sealed Temporary Restraining Order (the "Sealed Order"), [DE 9]; however, because the relief ordered therein has not been effectuated, Plaintiff has yet to provide Defendants with notice of this action. The instant Motion makes reference to Plaintiff's Application for Temporary Restraining Order and the Sealed Order issued in connection therewith, and as such, Plaintiff seeks to prevent premature disclosure of the Sealed Order. Therefore, upon providing Defendants with notice of the Sealed Order, Plaintiff will also provide Defendants with a copy of the instant Motion. (See Declaration of Christine Ann Daley in Support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ["Daley Decl."] ¶ 1, n.1, filed herewith.)

of Civil Procedure 4(f)(3). In support thereof, Plaintiff submits the following Memorandum of Law.

I.      **INTRODUCTION**

Plaintiff is suing Defendants for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods bearing counterfeits of Plaintiff's registered trademarks within this district and throughout the United States by operating the various Internet based e-established via the Internet marketplace websites Amazon.com ("Amazon"), eBay.com ("eBay"), and iOffer.com ("iOffer") under their seller identities set forth on Schedule "A" hereto (the "Seller IDs").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order authorizing service of process on Defendants via electronic mail ("e-mail") and website publication. E-mail and website publication service is appropriate and necessary in this case, because Defendants (1) operate via the Internet; and (2) rely on electronic communications to operate their businesses. Notwithstanding, Plaintiff has the ability to contact Defendants directly and provide notice of its claims against them electronically via e-mail. Additionally, Plaintiff has created a publication website and will be posting copies of the Complaint, this instant Motion, and all other documents filed in this action. Plaintiff respectfully submits that an order allowing service of process, and service of all subsequent pleadings and discovery via e-mail and website publication in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by e-mail and website publication, Plaintiffs will almost certainly be left without the ability to pursue a remedy.

**II.     STATEMENT OF FACTS**

    **A.     Defendants Have Valid and Operational E-mail Addresses.**

Defendants operate Internet-based businesses and use electronic means of communication. Specifically, Defendants have at least one method of electronic communication, such as Defendants' identified PayPal, Inc. ("PayPal") accounts or e-mail via online contact form associated with their respective e-commerce stores operating under the Seller IDs. (See Daley Decl. ¶¶ 3-4; Declaration of Kathleen Burns in Support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ["Burns Decl."] ¶ 4, filed herewith.)  Additionally, Defendants will be able to receive notice of this action via e-mail to the Internet marketplace platforms that Defendants use to conduct their commercial transactions.  (Daley Decl. ¶ 5.)

As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipment of orders. Further, e-commerce defendants generally must maintain accurate e-mail addresses where their payment processors and marketplace platform administrator may communicate with them regarding issues related to the purchase, transfer, and maintenance of their e-commerce store accounts, as well as issues related to payment for goods and the transfer of funds.  Furthermore, Plaintiff has also created a publication website that will be appearing at the URL http://servingnotice.com/eig2tb/index.html, such that anyone accessing the website will find copies of all documents filed in this action. (See Daley Decl. ¶ 6.)

In particular, all of the Defendants have provided at least one accurate form of electronic contact in the form of Amazon's Buyer-Seller Messaging Service,[2] a PayPal account,[3] and/or in the form of onsite contact through their Internet marketplace platforms. In connection with her investigation of Defendant Numbers 1 through 24, Plaintiff's investigator, Kathleen Burns ("Burns"), president of Invisible Inc, a licensed private investigative firm, sent pretextual e-mail messages to Defendant Numbers 1 through 24 via Amazon's Buyer-Seller Messaging service to verify e-mail as a successful means to contact and serve Defendants electronically.[4]  (See Burns Decl. ¶ 4; Daley Decl. ¶ 3.)

Additionally, Defendant Numbers 25 through 39 have provided at least one accurate contact e-mail address in the form of a PayPal account to Plaintiff's investigator, who finalized payment for each of the various products ordered via each of those Defendant's respective e-commerce stores operating under their Seller IDs to that Defendant's respective PayPal Account. (See Declaration of Kathleen Burns in Support of Plaintiff's Application for Temporary Restraining Order ["Burns Decl. in Support of Application for Temporary Restraining Order"] ¶

---

[2]   Amazon's Buyer-Seller Messaging Service is a system that facilitates communication between customers and merchants in the Amazon marketplace. (See Daley Decl. ¶ 3.) By using the Buyer-Seller Messaging Service, a customer can communicate with an Amazon merchant via a unique anonymized e-mail address. (See id.) This anonymized e-mail alias is treated in the same way as a real e-mail address. E-mails sent via Amazon's Buyer-Seller Messaging Service are routed to the merchant via the anonymized e-mail address. (See id.) Additionally, Amazon maintains a history of all e-mails routed through its system, and allows a customer to see a copy of the e-mail on the Messages page in the customer's account. More importantly, customers are automatically notified when an e-mail message is not delivered to the merchant, or the merchant's e-mail address is invalid. (See id.)

[3]   Defendants provided contact e-mail address data to Plaintiff's investigator, Kathleen Burns in the form of a PayPal account. (See Declaration of Kathleen Burns in Support of Application for Temporary Restraining Order ("Burns Decl. in Support of TRO") ¶ 4 [DE 7-6].) Defendants' PayPal accounts are actually the e-mail addresses used by PayPal to communicate with those Defendants. (See Daley Decl. ¶ 4, n.4.)

[4]   The PayPal Accounts provided by Defendants to Plaintiff's investigator are identified on Schedule "A" hereto.

4 and Composite Exhibit 1 thereto.) Clearly, Defendants' PayPal account e-mail addresses must necessarily be valid, working e-mail addresses; otherwise, Defendants would not be able to process payments through their PayPal accounts.  (See Daley Decl. ¶ 4.)  Moreover, pursuant to PayPal's Electronic Communications Delivery Policy (E-Sign Disclosure and Consent), PayPal account holders consent to receive all communication electronically, including via e-mail, and are required to maintain a valid e-mail address. (Id.)  If PayPal discovers an e-mail address has become invalid such that electronic communications sent to the e-mail address by PayPal are returned, PayPal may deem the account to be inactive and disable transaction activity until a valid, working e-mail address is provided. (Id.)

At least one e-mail for each Defendant was not bounced back nor returned as "undeliverable," thereby demonstrating the e-mails were delivered and the e-mail addresses are valid and operational.[5] (Id.) See Chanel, Inc. v. Zhixian, Case No. 10-cv-60585-JIC, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (finding that e-mails sent to e-mail addresses supplied by Defendant to his domain name registrars that did not bounce back presumptively reached Defendant).  Additionally, Defendants are able to receive notice of this action by e-mail via the Internet marketplace platforms that Defendants use to conduct their commercial transactions. (See Daley Decl. ¶ 5.)

---

[5] The pretext e-mail message sent to Defendant Number 3's e-commerce store operating under the Seller ID "rbtoioijsi" via Amazon's Buyer-Seller Messaging Service was reported as undeliverable; however, Defendant Number 3 will be able to receive notice of this action via Amazon's Buyer-Seller Messaging service via its e-commerce store operating under the Seller ID "barqsem." (See Burns Decl. ¶ 4 n.1; Daley Decl. ¶ 3 n.2.) Additionally, based upon multiple past actions, Amazon provides additional contact e-mail addresses for each Defendant in compliance with the Court's Temporary Restraining Order. (Daley Decl. ¶ 3 n.2.) Moreover, this Defendant will be able to receive notice of this action by e-mail via the Internet marketplace platform. (Daley Decl. ¶ 3 n.2.)

Furthermore, Plaintiff has created a publication website appearing at the URL, http://servingnotice.com/eig2tb/index.html, whereon copies of the Complaint and all other pleadings, and documents on file in this action will be posted. (Daley Decl. ¶ 6.) The address and a link to the publication site will be e-mailed directly to Defendants via their known e-mail accounts and onsite contact forms, and will be included upon service of process in this matter. (Id.)

### B.   Defendants Rely on Electronic Communications.

Defendants have structured their e-commerce store businesses so that the means for customers to purchase Defendants' counterfeit goods at issue is by placing an order electronically. Upon accessing the e-commerce stores operating under the Seller IDs, a consumer is able to browse the online store for products bearing Plaintiff's trademarks, add products to the online shopping cart, proceed to a point of checkout, and otherwise actively exchange data with each e-commerce store. (See Burns Decl. in Support of TRO ¶ 4 and Comp. Ex. 1 thereto [DE 7-6 through 7-7].) Defendants take and confirm orders online, they also rely on electronic means to receive payment. (See id.) Defendants rely on electronic means as a reliable form of contact.

### III.   ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3) allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and website publication are appropriate given that Defendants have established Internet-based businesses by which they rely solely on electronic communications for their operation, and because of Defendants' decisions

to conceal their physical locations. Accordingly, this Court should permit service on Defendants by e-mail and website publication.

   **A. The Court May Authorize Service via Electronic Mail and Website Publication Pursuant to Federal Rule of Civil Procedure 4(f)(3).**

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served pursuant to Rule 4(f)(3). Id. Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries, 353 F.3d 916, 923 (11th Cir. 2003). See also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); Rio Props. Inc., v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Chanel, Inc. v. Zhixian, 2010 WL 1740695, at * 2 quoting Rio Props., 284 F.3d at 1014 (citing Mayoral–Amy v. BHI Corp., 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. Prewitt Enters., Inc., 353 F.3d at 921; Rio Props., 284 F.3d at 1116. See, e.g., Brookshire Bros., Ltd., 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); In re Int'l Telemedia Assocs., 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the

7

methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). Rio Props., 284 F.3d at 1114-15; see also Brookshire Bros., Ltd., No. 05-CIV-21962, 2007 WL 1577771, at *1 (S.D. Fla. May 31, 2007).  In Brookshire, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Rio Props., 284 F.3d at 1015).  Accord TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy."). Judge Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief."  Brookshire Bros., Ltd., 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effected in any particular way.  Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also TracFone Wireless, Inc., 278 F.R.D. at 692; Rio Props., 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and website publication, where a plaintiff demonstrates the

likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action.  See, e.g., Rio Props., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); In re Int'l Telemedia Assocs., 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [Plaintiff's Website].").

Here, service on Defendants by e-mail and website publication will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Plaintiff has recently verified that each Defendant has at least one operational form of electronic contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. (See Daley Decl. ¶¶ 3-5; Burns Decl. ¶ 4.) Moreover, service via publication will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. (See Daley Decl. ¶ 6.)

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the plaintiff has proven that e-mail is the most effective means of providing the defendant notice of the action. See Rio Properties, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—

but in this case, it was the method of service most likely to reach [the defendant]."). See also Popular Enters., LLC v.Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail.  The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases.  Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts) (citation omitted). The Rio Properties and Popular Enters., LLC courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conducted their businesses over the Internet, used e-mail regularly in their businesses, and encouraged parties to contact them via e-mail.  See id.

   In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." See Chanel, Inc. v. Zhixian, 2010 WL 1740695 at *2 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); In re Int'l Telemedia Associates, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules.  Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party." (concluding e-mail and facsimile service to be appropriate)); Chanel, Inc. v. Zhibing, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages."

10

Alternate service via e- mail granted).[6] Plaintiff submits that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process because Defendants rely on e-mail to conduct their online businesses.

Additionally, service of a defendant via publication on a website has been deemed an appropriate means of service by publication. National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 W.D.N.C. 2008).[7] A proposed method of publication need only

---

[6] See Mycoskie, LLC v. CSMLong188, Case No. 17-cv-60782-BB (S.D. Fla. May 1, 2017) (Order granting alternative service, *inter alia*, via e-mail) (S.D. Fla. April 4, 2017, entered on docket April 5, 2017); Audemars Piguet Holding SA v. kkkwatch.com, Case No. 17-cv-60517-BB (S.D. Fla. April 4, 2017, entered on docket April 5, 2017) (same); Abercrombie & Fitch Trading Co. v. Becket Store, Case 16-cv-62952-WPD (S.D. Fla. Jan. 27, 2017) (same); Chanel, Inc. v. 726usjsis, Case No. 17-cv-60715-BB (S.D. Fla. April 20, 2017) (same); Chanel, Inc. v. adam steber, Case No. 16-cv-62987-BB (S.D. Fla. Dec. 22, 2016, entered on docket Dec. 23, 2017) (same); Specialized Bicycle Components, Inc. v. Factory Carbon Store, Case No. 16-cv-62876-BB (S.D. Fla. Dec. 9, 2016) (same); Chanel, Inc. v. ald Gall LNH, Case No. 0:16-cv-62818-BB (S.D. Fla. Dec. 2, 2016) (same); Fendi Adele, S.r.l. v. Chengzhanqiang, Case No. 0:16-cv-62456-BB (S.D. Fla. Oct. 28, 2016) (same); Chanel, Inc. v. 2016 charm jewelry, Case No. 16-cv-61605-BB (S.D. Fla. July 25, 2016)  ; Chanel, Inc. v. chanelclassicflapbag.us, Case No. 15-cv-62400-BB (S.D. Fla. Feb. 11, 2016) (same). See also Chanel, Inc. v. bestbuyhandbag.com, No. 14-cv-62191-RLR, 2014 U.S. Dist. LEXIS 177735, (S.D. Fla. Dec. 29, 2014) (same); Under Armour, Inc. v. 51nfljersey.com, No. 13–cv-62809-RSR, 2014 U.S. Dist. LEXIS 20439 (S.D. Fla. Feb. 19, 2014) (same); Adidas AG v. 2013jeremyscottxadidas.com, 13-cv-61867-RSR, 2013 U.S. Dist. LEXIS 171628 (S.D. Fla. Dec. 5, 2013); Chanel, Inc. v. acheterchanel.com, No. 12-21854-CV, 2012 U.S. Dist. LEXIS 115518 (S.D. Fla. Aug. 16, 2012) (same).

[7] See Mycoskie, LLC v. CSMLong188, Case No. 17-cv-60782-BB (S.D. Fla. May 1, 2017) (Order granting alternative service via e-mail and website publication service); Audemars Piguet Holding SA v. kkkwatch.com, Case No. 17-cv-60517-BB (S.D. Fla. April 4, 2017, entered on docket April 5, 2017) (same); Abercrombie & Fitch Trading Co. v. Becket Store, Case 16-cv-62952-WPD (S.D. Fla. Jan. 27, 2017) (same); Chanel, Inc. v. 726usjsis, Case No. 17-cv-60715-BB (S.D. Fla. April 20, 2017) (same); Specialized Bicycle Components, Inc. v. Factory Carbon Store, Case 16-cv-62876-BB (S.D. Fla. Dec. 9, 2016) (same); Chanel, Inc. v. ald Gall LNH, Case 0:16-cv-62818-BB (S.D. Fla. Dec. 2, 2016) (same); Fendi Adele, S.r.l. v. Chengzhanqiang, Case 0:16-cv-62456-BB (S.D. Fla. Oct. 28, 2016) (same); Chanel, Inc. v. 2016 charm jewelry, Case No. 16-cv-61605-BB (S.D. Fla. July 25, 2016)  ; Chanel, Inc. v. chanelclassicflapbag.us, Case No. 15-cv-62400-BB (S.D. Fla. Feb. 11, 2016) (same). See also Chanel, Inc. v. bestbuyhandbag.com, No. 14-cv-62191-RLR, 2014 U.S. Dist. LEXIS 177735, (S.D. Fla. Dec. 29, 2014) (same); Under Armour, Inc. v. 51nfljersey.com, No. 13–cv-62809-RSR, 2014 U.S. Dist. LEXIS 20439 (S.D. Fla. Feb. 19, 2014) (same); Adidas AG v.

be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D. N.C. 2008) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In National Association for Stock Car Auto Racing, Inc. v. Does, the United States District Court for the Western District of North Carolina determined that the plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing via publication on the plaintiff's website. Id.

Accordingly, Plaintiff has created a website that will be appearing at the URL http://servingnotice.com/eig2tb/index.html, whereon copies of the Complaint, pleadings, documents, and orders issued in this action will be posted. (See Daley Decl. ¶ 6.) The address and a link to the publication website will be e-mailed directly to all of Defendants' known e-mail accounts, and will be included upon service of process in this matter. (See Daley Decl. ¶ 6.) Plaintiff respectfully submits that publication of the Summonses and Complaint at the http://servingnotice.com/eig2tb/index.html website would provide publication notice to Defendants sufficient to meet the due process requirements for service of process pursuant to Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of this action, and afford Defendants opportunity to present their objections.

### B.  E-mail and Publication Service Are Not Prohibited by International Agreement.

Service via e-mail and website publication is not prohibited by international agreement. Based upon the information provided in connection with Defendants' actual e-

---

2013jeremyscottxadidas.com, 13-cv-61867-RSR, 2013 U.S. Dist. LEXIS 171628 (S.D. Fla. Dec. 5, 2013).

commerce marketplace stores, such as shipping information, and the investigative data provided thereunder, Plaintiff has good cause to suspect Defendants are residing in The People's Republic of China ("China"), the Republic of Indonesia ("Indonesia"), the Republic of Bulgaria ("Bulgaria"), the Republic of Turkey ("Turkey"), the Republic of Vanuatu ("Vanuatu"), or other foreign countries who redistribute products from sources in these foreign locations. (Daley Decl. ¶ 7.) China, Bulgaria, Turkey, and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention").[8] (Daley Decl. ¶ 8 and Composite Exhibit "1" attached thereto, Hague Service Convention and list of signatory Members.) However, the Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or website publication.

Alternative means of service, such as e-mail and publication, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. See Stat Med. Devices, Inc. v. HTL-Strefa, Inc., Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to). Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China, Bulgaria, and Turkey have objected to the alternative means of service outlined in Article 10. (Daley Decl. ¶ 8; see also Comp. Ex. 1 thereto, a true and correct printout of China's and Korea's Declaration/Reservation/Notification in regards to the Hague Convention.) However,

---

[8] Indonesia and Vanuatu are not signatories to the Hague Convention. (See Daley Decl. ¶ 8 n. 3.)

13

that objection is specifically limited to the means of service enumerated in Article 10. "Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." Gurung v. Malhotra, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); see also WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a *per se* objection to other forms of service, such e-mail or publication. See In re S. African Apartheid Litig., 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, China's, Bulgaria's, and Turkey's objections to the means of alternative service provided in Article 10 are no bar to court-directed service and do not prevent this Court form authorizing alternative service of process via e-mail or publication. See, e.g., Gurung, 279 F.R.D. at 220 (approving service of process on foreign defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); Stat Med. Devices, Inc., 2015 U.S. Dist. LEXIS 122000 at *8-9 (permitting service of process on foreign defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); FTC v. PCCare247 Inc., Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at * 10 (S.D.N.Y. March 7, 2013) (authorizing service of process via email and

14

Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); WhosHere, Inc., 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); Richmond Techs., Inc. v. Aumtech Bus. Solutions, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant the present motion and authorize service of the Summonses, the Complaint, and all subsequent pleadings and discovery in this matter upon each Defendant at issue in this present motion:

(1)  via the e-mail accounts provided by that Defendant (i) as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or (ii) via the e-commerce platform e-mail for each of the e-commerce stores; or

(2)  via publication by posting copies of the Complaint, Summonses, and all subsequent pleadings and discovery on Plaintiff's serving notice website appearing at the URL http://servingnotice.com/eig2tb/index.html.

DATED: June 7, 2017.                    Respectfully submitted,

                                        STEPHEN M. GAFFIGAN, P.A.

                                        By: **s/Christine Ann Daley**
                                        Stephen M. Gaffigan (Fla. Bar No. 025844)
                                        Virgilio Gigante (Fla. Bar No. 082635)
                                        Christine Ann Daley (Fla. Bar No. 98482)

        T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
        401 East Las Olas Blvd., Suite 130-453
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 767-4819
        Facsimile: (954) 767-4821
        E-mail: Stephen@smgpa.net
        E-mail: Leo@smgpa.net
        E-mail: Christine@smgpa.net
        E-mail: Raquel@smgpa.net

        Attorneys for Plaintiff, Fendi Adele, S.r.l.

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SELLER ID AND ASSOCIATED EMAIL ADDRESS

| Def. No. | Defendant/ Seller ID | Internet Marketplace Website | Amazon Seller ID Number (Amazon.com only) |
|---|---|---|---|
| 1 | Adam Vibbert | Amazon.com | A35AZV92XFZ2ZG |
| 1 | michelle killengrey | Amazon.com | AKZZJMK2OQWF0 |
| 2 | Agsdr Dbhd | Amazon.com | A26ULOKO5E7FGV |
| 2 | Avenue Shirtsl | Amazon.com | A30MHNPY5YJ1X2 |
| 2 | Esperanenson | Amazon.com | A37388770M00XT |
| 2 | Irma Jensens fashion mens shirts | Amazon.com | A31DPUICIQON0N |
| 3 | Barqsem | Amazon.com | A2HKEBAPGO69MP |
| 3 | rbtoioijsi | Amazon.com | AX6C0IY5J8L32 |
| 4 | cao ni | Amazon.com | A3B7UX5LXMCC3S |
| 4 | CC supermall | Amazon.com | A2AZUJI8V37RNL |
| 4 | Magenxuan | Amazon.com | A1Y2CGJLWJUEBT |
| 5 | Cody Jefferies | Amazon.com | A1NOGQURS7NKZA |
| 5 | POUKEO LUANGPAKDY | Amazon.com | A1AJI6LIRD1YZJ |
| 6 | Jackson E Harper | Amazon.com | ASN4UQLFYZH59 |
| 6 | Ulysses Montague | Amazon.com | A1NW6BI4UOA7PQ |
| 7 | ji ji zhang | Amazon.com | AJXJHDWP9O919 |
| 7 | lulu yun | Amazon.com | A3LGRIX6X2ESLY |
| 8 | Lei-Dian | Amazon.com | A2YSNRLP44RYM0 |
| 8 | SangTS | Amazon.com | A1DUOWSXABOQJY |
| 9 | DANA CRUMPLER | Amazon.com | A2B4RX5Z1FLG1I |
| 10 | fft173 shqngyuqncun | Amazon.com | A173PEGRSXXTJ |
| 11 | GARY AUTRY | Amazon.com | A3SO383UUKREIT |
| 12 | Just So So | Amazon.com | A3BMUO1IQVRJ12 |
| 13 | Langhao | Amazon.com | A37J65W9O1PYTZ |
| 14 | Meaning kany | Amazon.com | A24PPVIXA2W16Y |
| 15 | Mrs Marzie Reid | Amazon.com | A27GT2KHPPMHXI |
| 16 | Negogo | Amazon.com | A1LTXV641KZ3AU |
| 17 | REYNALDO CABRERA | Amazon.com | A2KN862Z8FOOWZ |

| Def. No. | Defendant/ Seller ID | Internet Marketplace Website | Amazon Seller ID Number (Amazon.com only) |
|---|---|---|---|
| 18 | Sarah Brandt | Amazon.com | A1Z47FO39OC21A |
| 19 | Sgyxngmei | Amazon.com | A3GFBLN7ATQ06O |
| 20 | SMALLGIRL ct | Amazon.com | A2F48X7NFMAYG4 |
| 21 | sports-fan | Amazon.com | A2QFGQCD46RVL3 |
| 22 | THEARGO | Amazon.com | AT68QXYJ1MSJH |
| 23 | Yvonne STOYCHEV | Amazon.com | A2EY2MYKB1MOCY |
| 24 | ZIENGSE2 | Amazon.com | A1C534DA4IIFIO |

| Def. No. | Defendant/ Seller ID | Internet Marketplace Website | PayPal Account |
|---|---|---|---|
| 25 | allinclusive72 | eBay.com | allinclusive7227@gmail.com |
| 25 | montanababy90 | eBay.com | montanababy9@gmail.com |
| 26 | aripugo_0 | eBay.com | giminhandoyo@gmail.com |
| 26 | madunheho-7 | eBay.com | madunheho@gmail.com |
| 27 | eva1666 | eBay.com | 1921971936@qq.com |
| 27 | highfashion1688 | eBay.com | ling_b00@163.com<br>461195729@qq.com |
| 28 | id.tr77 | eBay.com | triwahyuda43@gmail.com |
| 28 | luluimaknu0 | eBay.com | 027jaguar@gmail.com |
| 28 | tabasaba0 | eBay.com | tabahsabar739@gmail.com |
| 29 | birvinn | eBay.com | bradonirvin2010@mail.com |
| 30 | esunshine1581 | eBay.com | sunshinego.2389@hotmail.com |
| 31 | Tom_563 | eBay.com | tomoshare@163.com |
| 32 | vkzsecret | eBay.com | vickisundream@gmail.com |
| 33 | windy.premium | eBay.com | Dand.icaroby@gmail.com |
| 34 | wonderfulbebe | eBay.com | wonderfullifebebe@yahoo.com |
| 35 | yourestore88 | eBay.com | michelle1-chen@hotmail.com |
| 36 | jotoshop | iOffer.com | jotoshop6@163.com |
| 36 | jotostore | iOffer.com | jotoshop6@163.com |
| 37 | bojiang | iOffer.com | xulichong321006@163.com |
| 38 | lvmi2018 | iOffer.com | m13047729068@163.com |
| 39 | xingxingtop | iOffer.com | xingxingtop@foxmail.com |