**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-61097-BLOOM/Valle**

FENDI ADELE, S.R.L.,

       Plaintiff,

v.

ADAM VIBBERT, *et al.*,

       Defendants.

_____/

**SEALED ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION
TO AUTHORIZE ALTERNATE SERVICE OF PROCESS**

**THIS CAUSE** is before the Court upon Plaintiff Fendi Adele, S.r.l.'s ("Plaintiff") *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. [11], filed on June 7, 2017 (the "Motion").  In its Complaint, Plaintiff sets forth claims against Defendants for (1) trademark counterfeiting and infringement, (2) false designation of origin, (3) common law unfair competition, and (4) common law trademark infringement. *See* ECF No. [1]. More specifically, Plaintiff alleges that Defendants promote, sell, offer for sale, and distribute goods bearing counterfeits and confusingly similar imitations of Plaintiff's trademarks, thereby infringing Plaintiff's trademarks. *Id.* Plaintiff contends that Defendants are accomplishing these infringement activities by operating e-commerce stores via an Internet marketplace website, under their seller identification names (the "Seller IDs").

Plaintiff contends that Defendants operate via the Internet and utilize electronic means as reliable forms of contact. *See* ECF No. [11] at 2. According to Plaintiff, it has good cause to believe

Case No. 17-61097-CIV-BLOOM/Valle

that Defendants are all residents of China, Bulgaria, Turkey, Vanuatu, Indonesia, or other foreign jurisdictions, or redistribute products from sources in those locations. *Id.* at 13. Plaintiff further contends that Defendants have at least one operational e-mail, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with Defendants. *Id*. at 2-6, 9-10. Consequently, Plaintiff asserts that e-mail is the most reliable means of providing Defendants with notice of this action. *Id.* at 9.

Rule 4(f)(3), Fed. R. Civ. P., allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement, and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the district court.

Service by e-mail is not prohibited under international agreement in this case. Although the United States, China, Bulgaria, and Turkey are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), the Hague Convention does not specifically preclude e-mail and publication service.[1]  Where a signatory nation has objected to the alternative means of service provided by

---

[1] Indonesia and Vanuatu are not signatories to the Hague Convention.

2

the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or publication. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail or internet communication does not violate an international agreement.

Rule 4(f)(3), Fed. R. Civ. P., was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713 (N.D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. *See Philip Morris USA, Inc. v. Veles Ltd.*, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007).

Here, the Court finds that Plaintiff has shown good cause for leave to allow service of the Summonses, Complaint, and all future filings in this matter upon each Defendant via e-mail. Accordingly, after careful review of the Motion, the evidence submitted in support of the Motion, and the applicable law, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [11]** is **GRANTED**.

2. Plaintiff shall serve the Summonses, Complaint, and all filings in this matter upon

Case No. 17-61097-CIV-BLOOM/Valle

Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including by onsite contact forms, or via the e-commerce platform e-mail for each of the e-commerce stores. *See* Schedule "A" attached the Motion, ECF No. [11] at 17-18, which lists Defendants by Defendant number and Seller ID.

3. Plaintiff shall effectuate service of process on Defendants via publication by posting a copy of the Complaint and Summonses on the Internet website appearing at the URL http://servingnotice.com/eig2tb/index.html.

**DONE AND ORDERED** in Miami, Florida, this __ day of _____, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record